UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER PAWLOSKI,

    Plaintiff,

v.                                         Case No.     13-11445

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                               /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Christopher Pawloski seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical impairments under 42 U.S.C. § 405(g). (Dkt. # 1.) Before the Court are Plaintiff's Motion for Summary Judgment (Dkt. # 9) and Defendant's Motion for Summary Judgment (Dkt. # 11). For the reasons stated below, the court will deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment.

## I. PROCEDURAL HISTORY

On May 12, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning September 19, 2008. (Dkt. # 6-5, Pg. ID 141, 143.) The alleged impairments included a learning disorder and degenerative disc disease with herniation of his lumbar spine. (*See* Dkt. # 6-2, Pg. ID 59.) The Social Security Administration denied Plaintiff's claim on September 17, 2010,

and Plaintiff requested a de novo hearing, which was held on November 8, 2011, before an Administrative Law Judge ("ALJ"). The ALJ subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (Dkt. # 6-2, Pg. ID 50.) The Appeals Council declined to review the ALJ's decision (Dkt. # 6-2, Pg. ID 25–27), and Plaintiff commenced this action for judicial review. The parties then filed cross-motions for summary judgment, which are currently pending before the court.

## II. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND THE VOCATIONAL EXPERT'S TESTIMONY

### A. Plaintiff's Testimony and the Medical Evidence of Record

In his brief, Plaintiff sets forth a short procedural history of this matter and discusses the ALJ's basis for denying his benefits, but he does not directly discuss his testimony or medical record. (Dkt. # 9, Pg. ID 341.) Fleeting references to Plaintiff's testimony and medical record are made when Plaintiff argues credibility. (Dkt. # 11, Pg. ID 346–47.) Defendant's account of Plaintiff's testimony and medical record is largely consistent with the ALJ's, but is more sharply focused on the evidence in support of Defendant's position. The court has conducted an independent review of the hearing transcript and Plaintiff's medical record, but for the reasons discussed *infra*, it is unnecessary to summarize them herein. Therefore, Plaintiff's medical record and testimony as set forth in the ALJ's decision (Dkt. # 6-2, Pg. ID 43–49) and Plaintiff's brief (Dkt. # 9, Pg. ID 346–347) are adopted; the court will incorporate comments and citations as necessary throughout this opinion.

### B.  Vocational Expert's Testimony

The ALJ asked the vocational expert ("VE") whether a hypothetical person of the same age and with the same education and work experience as Plaintiff who could, "lift ten pounds regularly, twenty pounds occasionally, sit for two hours, stand for six hours, but would require a sit/stand option and occasional postural limitation" would be able to perform Plaintiff's past relevant work.  (Dkt. # 6-2, Pg. ID 75.)  The VE answered "no," but testified that there are other jobs that such a hypothetical person could perform.  (*Id.*)  The VE then provided two examples of such jobs: assemblers and machine operators.  He testified that 3,000 of each of those jobs existed in the regional economy.  (*Id.* at Pg. ID 75–76).

The ALJ next asked the VE about a second hypothetical person who incorporates all the characteristics of the first but who could lift no more than ten pounds.  (*Id.* at Pg. ID 76.)  The VE replied that there would also be jobs for such a person and identified 1,500 of the previously identified assembler jobs, 2,000 of the machine operator jobs, and an additional 1,500 packer jobs as being suitable for the second hypothetical person.  (*Id.*)

The ALJ then asked the VE about a third hypothetical person who was identical to the second but also required unscheduled rest breaks.  (*Id.*)  The VE said that those limitations would eliminate all full-time, competitive employment.  (*Id.*)  When the ALJ modified the hypothetical such that the person would likely be absent more than two times each month, the VE answered that such limitations would eliminate all full-time, competitive work.  (*Id.*)

## III. THE ALJ'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013, and that he had not engaged in substantial gainful activity since the alleged onset date of September 19, 2008. (Dkt. # 6-2, Pg. ID 43.) The ALJ then found that Plaintiff suffered from "degenerative disc disease of the lumbar spine, with herniated disc, obesity, and learning disability" per 20 C.F.R. 404.1520(c) and 416.920(c). (*Id.*) The ALJ also found, however, that none of Plaintiff's impairments met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, App'x 1. (*Id.* at Pg. ID 44.) The ALJ then determined that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant may sit, with normal breaks, for up to two hours of an eight hour workday and may stand and/or walk, with normal breaks, for up to six hours of an eight hour workday; the claimant must be afforded the opportunity to sit or stand, at will, for comfort; the claimant may occasionally crouch, crawl, kneel, balance, stoop and climb; the claimant is limited to the performance of work tasks that are simple and unskilled.

(*Id.* at Pg. ID 45.) Subsequently, in reliance on the VE's testimony, the ALJ found that Plaintiff could not perform any of his past relevant work, but that he could perform a significant number of jobs in the national economy. (*Id.* at Pg. ID 26–27.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from September 19, 2008, through the date of the ALJ's decision. (*Id.* at Pg. ID 50.)

## IV. STANDARD

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court has jurisdiction to review the

4

Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of the court to try cases de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389–90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a

five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)–(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

## V. DISCUSSION

The Social Security Act authorizes "two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously

6

presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner] with or without remanding cause for rehearing." *Bashton v. Flemming*, 187 F. Supp. 866, 867 (E.D. Mich. 1960) (citing 42 U.S.C.A. § 405(g)). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, No. 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or remanded under sentence four because "[t]he Commissioner erred as a matter of law in assessing [Plaintiff's] credibility and by failing to properly evaluate the medical records of evidence and, thereby, forming an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments." (Dkt. # 9, Pg. ID 342.)

### A. Plaintiff's Hypothetical Question Argument

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is required to incorporate in his hypothetical questions only those limitations that he finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC—that is, all of the limitations that the ALJ found credible. The VE testified that there are jobs available for a person with these limitations. Thus, the ALJ's hypothetical questions were not improper, and in substance, Plaintiff's motion asserts

that the ALJ erred in determining Plaintiff's RFC when he failed to properly assess Plaintiff's credibility and evaluate the medical opinions.

Plaintiff's argument fails as his entire discussion of this matter is limited to several pages of legal standards and a few vague references to his testimony and medical records. (*See* Dkt. # 9, Pg. ID 342.) Plaintiff does not discuss why he believes the ALJ erred, what medical records, opinions, or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE. As Chief Judge Rosen noted in a similar matter wherein Plaintiff's counsel filed a substantially similar brief on this issue, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for his challenge to the ALJ's [decision]." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, *1 (E.D. Mich. Mar. 24, 2014) (quotation marks omitted). Thus, Plaintiff's motion will be denied with regard to this issue.

### B. Plaintiff's Credibility Argument

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be

sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186 (July 2, 1996). "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, for pain relief; (6) any measures used to relieve the pain; and (7) functional limitations and restrictions due to the pain. *See* 20 C.F.R. § 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039–40 (6th Cir. 1994) (applying these factors).

Plaintiff asserts that the ALJ erred when he found that Plaintiff was not credible because "[h]is testimony is backed up by medical documentation." (Dkt. #9, Pg. ID 347.) To support this argument, Plaintiff includes vague references to his medical

record:

> His medical record in a record dated 2/4/2010 it indicates a chronic a chronic backache.  (Tr. 188) See also, (Tr. 198). Also at (Tr. 200) it gives the impression of DJD and "disc herniation L4-5."  The MRI of the Lumbar Spine dated 10/3/2008 gave the impression of "developmentally narrow lumbar canal. . .," tiny central disc herniation at L4-5 with associated annular tear . . .," and "early degenerative disc disease at each level at L2-3 through L4-5."  (Tr. 215) Dr. Schell also indicated his problems with the pack and that it has been ongoing.  (Tr. 217) He states that "he does have degenerative disc disease in his back . . ." (Tr. 217) Also at (Tr. 240) it indicates that he functions at an "intellectually in the borderline overall" and that he has "borderline verbal skills and low average nonverbal skills" as well as "difficulty with auditory concentration skills."

(*Id.* at Pg. ID 346–347 (errors in original).)  Like Plaintiff's hypothetical question argument, *supra*, Plaintiff's credibility argument is devoid of factual detail and legal analysis.  Even assuming, *arguendo,* that Plaintiff's medical records are consistent with his complaints, these consistencies are not sufficient to overturn the ALJ's credibility determination, as the evidence also supports the ALJ's findings.  In addition to considering Plaintiff's medical records, the ALJ considered the factors set forth in 20 C.F.R. § 416.929(c)(3) and found that Plaintiff's disability allegations were less than credible.  In support of that finding, the ALJ noted that Plaintiff "received unemployment income subsequent to the alleged onset date . . . which requires the recurrent certification that the recipient is ready, able and willing to work, a position inconsistent with an application for benefits on the ground of a debilitating medical condition, preclusive of all work.  (Dkt. # 6-2, Pg. ID 48).  The ALJ also noted "relatively infrequent trips to the doctor for the allegedly disabling symptoms," his sole reliance on over-the-counter painkillers and "non-medicinal palliatives" in relieving those symptoms, and his failure to pursue pharmacy assistance programs and clinics open to persons with low or

no income—the preclusive situation cited by Plaintiff for not seeking more substantive treatment. (*Id.* at Pg. ID 47.)

There is substantial evidence in support of the ALJ's decision, and where the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Her,* 203 F.3d at 389–90.

### C. Waiver and Sanctions

Plaintiff's brief is thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's superficial, cut-and-paste,[1] template approach to fulfilling his professional duty to substantively brief the issues presented for the court's consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The court acknowledges that counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x. 464, 466 (6th Cir. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (citation omitted)). The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14 (E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec.*, No. 09-13700 (E.D. Mich. Mar. 2, 2011)).

---

[1] This methodology, and its resultant mishaps, is perhaps best exemplified on page ten of Plaintiff's brief, wherein Plaintiff Pawloski is variously referred to as "Ricky Shinabarger" and "Ms. David" within the very same paragraph. (Dkt. # 9, Pg. ID 346.)

11

As Chief Judge Rosen noted in *Fielder*, this is not the first time the court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel." 2014 WL 1207865, at *1 n.1 (collecting cases). Moreover, the court warned Plaintiff's counsel that "this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or referral for disciplinary proceedings. *Id.* Nevertheless, any consideration of an award of sanctions against Plaintiff's counsel in this case would be inappropriate as the instant motion was filed prior to Chief Judge Rosen's decision in *Fielder*.

## VI.  CONCLUSION

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. # 9) is DENIED and that Defendant's Motion for Summary Judgment (Dkt. # 11) is GRANTED. A separate judgment will issue.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2014, by electronic and/or ordinary mail.

                                           s/Lisa Wagner  
                                           Case Manager and Deputy Clerk  
                                           (313) 234-5522